UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-60067-BLOOM/Valle

RACHELLE ELISE,

    Plaintiff,

v.

3D LIVING & HOME SERVICES, INC.,
and LORNA DUKES,

    Defendants.
_____/

## ORDER DENYING APPROVAL OF SETTLEMENT

**THIS CAUSE** is before the Court on the parties' Joint Motion to Approve Settlement and Dismiss with Prejudice, ECF No. [24], filed on July 14, 2020. The parties seek the Court's approval of a proposed FLSA Agreement ("Agreement"), ECF No. [24-1], which includes the award of attorney's fees.

Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). In making the requisite fairness determination, the Court considers the following factors: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-

35GJK, 2012 WL 570060, at *1–2 (M.D. Fla. 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Factors the Court considers in determining whether requested attorney's fees are reasonable include:

1) the time and labor required;
2) the novelty and difficulty of the questions;
3) the skill requisite to perform the legal service properly;
4) the preclusion of other employment by the attorney due to the acceptance of the case;
5) the customary fee;
6) whether the fee is fixed or contingent;
7) time limitations imposed by the client or the circumstances;
8) the amount involved and the results obtained;
9) the experience, reputation and ability of the attorneys;
10) the "undesirability" of the case;
11) the nature and length of the professional relationship with the client; and
12) awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

The parties have agreed to settle this lawsuit for $4,658.00 consisting of $1,908.00 "for alleged FLSA wages," and $2,750.00 in attorney's fees. Agreement § 2.

Regarding the attorney's fees and costs, neither the Motion nor the Agreement includes affidavits or exhibits detailing the number of hours Plaintiff's counsel worked on this case, the description of the work done for those hours, and what hourly rates were used to calculate reasonable fees. (*See generally id.*; Mot.). Without that information, the Court cannot scrutinize the reasonableness of the attorney's fees and costs awarded under the Agreement. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; the parties cannot contract in derogation of

[the] FLSA's provisions. . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis and alterations added; citations omitted).

Furthermore, the FLSA requires employers who violate its provisions to pay employees unpaid wages and an *equal* amount in liquidated damages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). The Agreement allocates to Plaintiff $1,908.00 "for alleged FLSA wages," Agreement § 2, but does not provide for *liquidated damages.* To comply with the FLSA, then, a proposed settlement must be apportioned equally between unpaid wages and liquidated damages. *See id.*

As the Motion and Agreement fail to: (1) adequately explain or describe the amount of Plaintiff's attorney's fees and costs; and (2) apportion Plaintiff's award equally between unpaid wages and liquidated damages, the Court cannot find the Agreement fair and reasonable and cannot grant the Motion. Accordingly, it is

**ORDERED AND ADJUDGED** parties' Joint Motion to Approve Settlement and Dismiss with Prejudice, ECF No. [24] is **DENIED**. The parties must submit a revised motion and agreement — with a proposed order and affidavits or exhibits regarding attorney's fees and costs — that conform to the FLSA by July 22, 2020.

Case No.  20-cv-60067-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 15, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record